Pearson, J.
 

 Can an action be maintained for taking ■under an original attachment, a set of Carpenter’s tools, the working tools of the plaintiff, and selling them under a
 
 ven-■ditioni exponas.,
 
 to.-satisfy the judgment, the.defendant having failed to appear and replevy ?
 

 The question is now presented for the first time, so as to • .call for a decision.
 

 An original attachment is ;a process given by Statute to -.compel a defendant to appear. It is a continuation of a “
 
 distringas,”
 
 a,common law process, and a garnishment ac- . cording to the custom of London; with the latter, w.e.are at present not concerned.
 

 When a defendant, after being summoned, failed to appear, and attachment issued; if he still neglected to appear,
 
 *65
 
 -a writ of
 
 “distringas,”
 
 or “distress infinite” issned, commanding tbe Sheriff to distrain tbe defendant from time to time and continually .afterwards, by taking bis goods and tbe profits ofbis land, so as to,compel him to appear.’,’ Here., by tbe common law, tbe process ended, in cases of injuries without force;
 
 i. e.
 
 actions of debt &c. Tbe defendant, if be bad any substance, being gradually stripped of it, by repeated distresses, until be rendered obedience to tbe King’s writ, and if be bad no substance, tbe law held him incapable .of making satisfaction, .and therefore, looked upon all further process as nugatory. The goods distrained rvere forfeited to the King, tbe plaintiff could take nothing, not baring as.-certained his debt by 'judgment. — but a statute allows tbe ¡Court to direct tbe reasonable costs of the plaintiff to be paid out of the fund — 3 Blackstone 280.
 

 Our Statute directs a writ to issue,-commanding the officer to attach tbe estate of tbe debtor, so ap to compel him to .appear :■ if be does so and gives bail, tbe property is delivered back to him, and tbe Court goes on in tbe .ordinary way: if be fails to appear after due advertisement, a mode is provided by which tbe plaintiff may ascertain .the amount of bis .debt, take judgment and have tbe property sold and applied to its satisfaction, instead of being'.forfeited to tbe State.; which is a decided improvement upon ;tbe.common law process.
 

 It is entirely clear, that under -the
 
 distringas,
 
 all of tbe .■debtor’s property, without any exception, may be seized, and .it is equally clear, that the same may be done under an original attachment, which is a substitute for it. So, it is clear', that under a
 
 “fieri facias”
 
 at common law, all of tbe defendant’s goods and chatties may be levied upon and sold.— In this respect, these writs, which are commands of the sovereign, differ from tbe extra-judicial remedy of .distress, by which a landlord is allowed to take .the goods found on tbe ’
 
 *66
 
 premises, except beasts of the plough, for the sake of husbandry, and things in the actual use of the tenant, for fear it might lead to a breach of the peace. But this saving in regard to the private remedy of landlords, does not extend to writs; under them, the officer may take any thing, a horse out of the plough, or that the defendant is riding, or the axe out of his hand, and he may use force, with the single exception, that he cannot break the outer door of the defendant’s dwelling — “ for it is his castle.”
 

 The act of 1836, Ch. 45, Sec. 7, excepts from the operation of a
 
 “ fieri
 
 facias,” working tools, arms for muster and other articles. It is insisted, that although the words are confined to a
 
 “fieri facias,”
 
 the exemption by implication extends to an original attachment. This is a
 
 non sequi-tur;
 
 because the Legislature deemed it expedient to favo,r a citizen who resides among
 
 us,
 
 and renders obedience to the ordinary process of the law, by exempting from execution the tools with which he earns a livelihood, or the arms with which' ho musters, it does not follow that the intention was to extend the like favour to one, who leaves the country or persists in his disobedience to the commands of the State, which is shown by his .failing to appear.
 

 If in fact he has left the country, wherefore put in the custody of the law his working tools and arms for muster ? What objection can there be, to having them sold and applied to the payment of his debts ? Or, if he is still in the country, and continues contumacious, with what grace can he ask to have his goods restored to him, or be allowed to bring an action for them ?
 

 Judgment for defendants.